993 So.2d 215 (2008)
STATE of Louisiana
v.
Gerald A. CHAMBERS.
No. 2008-KK-1555.
Supreme Court of Louisiana.
October 24, 2008.
PER CURIAM.
Granted. This case is remanded to the court of appeal for reconsideration.
In its opposition to defendant's writ in this Court, the state acknowledges that defense counsel attached a copy of the warrant and probable cause affidavit as an exhibit to his memorandum filed into the record in the trial court in support of his motion to suppress. The copy was from the original maintained by the Clerk of Court for the 24th Judicial District Court. The trial judge then referred repeatedly to the contents of the affidavit during the suppression hearing, which consisted of argument only, and in ruling on the validity of the search warrant.
If the court of appeal remains of the view that the trial court did not thereby make the affidavit of probable cause a formal part of the record at the hearing on the motion to suppress, as to which the state had no objection concerning one of its own documents, it shall remand the case to the trial court solely for purposes of reopening the motion and providing defense counsel with the opportunity of correcting any error by formally introducing *216 the search warrant and its supporting probable cause affidavit into evidence. See State v. Landry, 98-3008, pp. 4-5 (La.1/8/99), 729 So.2d 1019, 1021-22 (appellate court may remand for retrial of a motion to suppress to correct errors made at original hearing)(collecting cases). The district court shall record the correction in a minute entry, a copy of which defendant may then incorporate in his original application as a supplement. The court of appeal shall then consider the merits of defendant's writ of review.
TRAYLOR, KNOLL and WEIMER, JJ., would deny the application.